Booth, Judge,
concurring:
I concur in the conclusion reached by the court, but can not assent to all that is said in the opinion. If I correctly comprehend the reasoning upon which the judgment of the court is predicated, it is from this reasoning that I especially dissent. The opinion obviously warrants the conclusion that the judgment awarded is based upon a proven fair and open market value for the use of steamboats as receiving ships, or, in other words, as a “housing” enterprise, the renting of rooms, etc,., and that such a market, if existing, reflects the true measure of just compensation, uninfluenced by war conditions. The most convincing refutation of the proposition lies in the fact that in this particular instance the court departs from the rule it adopts. The testimony relating to so-called market value is so glaringly disproportionate to the judgment awarded that it is difficult to perceive wherein it was given consideration. If the testimony offered for this purpose is to be accorded probative force, then in my judgment the rate fixed by the Shipping Board must prevail, for that is the sum claimed by the plaintiff in its petition, and the testimony manifestly tends to support the same. The defendant challenges the contention and brings forward a record based upon the value, earning capacity, and tonnage worth of the vessel involved, as well as its earning capacity in the past, eliminating the question of market value, and insisting upon the considera *418 tion of war-time conditions. There is ample testimony in the record that no fair, open market, uninfluenced by war conditions, existed at this particular time for steamboats to be used as receiving ships. As a matter of fact, the very condition of governmental affairs precluded the possibility of a stable, reliable, open, and fair public market for ships of any character, and reflected no more than a speculative price, reluctantly offered by a person pressed by necessity to procure a ship, or a room to live in, or indulged in by the owner of property to reap abnormal gains in time of war and dire necessity. Such a market does not, and may not, reflect a price or value to which a court may resort in ascertaining j ust compensation for property taken to be used by the Government in the prosecution of the war. Prices and values under such circumstances are so decidedly unstable, fluctuate with lightning rapidity, reach heights limited only by the ability of those to pay the same, and are governed largely by the greed and combinations of those who have the desired property in hand. Social, political, and business affairs are by war conditions thrown into an abnormal state. The ordinary course of supply and demand and the usual and customary method of conducting business affairs are so tremendously influenced by circumstances of such an unusual character that it would be more than human intelligence can accomplish to sift out from the resulting confusion a substantial basic value, predicated upon what the law requires as a fair, open market, uninfluenced by the necessities of the seller to sell or the purchaser to purchase. The Congress of the United States recognized this situation on more than one occasion, and there were passed and enforced numerous statutes regulating the price of commodities, which, if left unrestrained, would have attained proportions far beyond the reach of the average citizen.
The judgment awarded is, I believe, manifestly just; it is a rational deduction from the facts in the record, disclosing what amount of net profits this vessel brought into the treasury of the company the year previous to its taking over by the defendant. The discrepancy between the figures presented by the parties grows out of the necessarily debatable item of overhead expenses, the plaintiff omitting *419 to allow this item, and the defendant claiming an excess amount. Reconciling this difference, from the testimony-in the record, as a jury must do, and taking into consideration the availability of the property for the use to which it was put, the amount fixed is eminently just. It is a full, fair, and just equivalent for the loss suffered by reason of the taking over of the same by the defendant.
The plaintiff is not entitled to the rate fixed by the Shipping Board. Its vessels were not within the terms or meaning of the order fixing the same, and were not adapted to or capable of use in the trans-Atlantic service. For the foregoing reasons I concur in the conclusion reached by the court.